ON MOTION FOR REHEARING

TORPY, J.
We grant Appellant’s motion for rehearing, filed pursuant to rule 9.330(a), Florida *243 Rules of Appellate Procedure, to the extent that he seeks a written opinion. Appellant was charged by indictment with nine separate counts that included, among other things, first degree murder, armed robbery with a firearm, attempted first degree murder and other similar offenses. Appellant was convicted as charged after jury trial, and the trial court sentenced Appellant to life imprisonment, without possibility of parole, on the first degree murder conviction and to concurrent sentences on the remaining counts. Appellant raises two points on appeal, each of which we find to be without merit. We affirm, therefore, the judgments and sentences.
At 11:30 a.m. on November 12, 2000, Appellant and several co-defendants accosted four victims who were standing near a street in Daytona Beach. Appellant and co-defendants robbed the victims at gunpoint and shot and killed one of the victims. Appellant was identified by the surviving victims as the one who had killed the other victim.
Two hours later, in DeLand, Appellant and his co-defendants accosted two victims who were walking down the street. They robbed the victims at gunpoint and fired two shots at one of the victims, but the bullets missed. One of the victims memorized the license tag number of the ear. Police traced the tag number, which led to Appellant. He was subsequently arrested and interrogated on two separate occasions after his arrest.
Appellant’s first issue on appeal is whether the trial court erred in denying his motion to suppress statements he made during two separate police interviews. Appellant contends that his statements containing confessions were not voluntary because they were induced by police promises of leniency. The record reveals, however, that, at best, police asserted that they would tell the judge and prosecutor that Appellant had cooperated. This type of statement does not render a confession involuntary. Maqueira v. State, 588 So.2d 221, 223 (Fla.1991); Nelson v. State, 688 So.2d 971 (Fla. 4th DCA 1997). Based upon our review of the record, therefore, we conclude that the lower court properly denied the motion to suppress.
Appellant’s second point is that the trial court abused its discretion in denying separate trials for the Daytona Beach incident and the DeLand incident. The lower court determined that the incidents in question were part of a “crime spree.” Furthermore, the lower court concluded that the incidents were finked by time and geography as well as the nature and manner of the crimes committed. We find no abuse of discretion on this record. See Hutchinson v. State, 731 So.2d 812 (Fla. 5th DCA 1999).
Based upon the foregoing, Appellant’s Motion for Rehearing is granted to the extent that he requests an opinion. The judgments and sentences are, nevertheless, affirmed.
GRIFFIN and PALMER, JJ., concur.